FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAR 2 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH JOEY WILSON, JR., | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0016-TWT |
| GEORGIA STATE BOARD OF | : | |
| PARDONS AND PAROLES, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff, Joseph Joey Wilson, Jr., an inmate at the Ware State Prison in Waycross, Georgia, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the court for a screening pursuant to 28 U.S.C. § 1915A.

### I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893 (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a Section 1983 action, some factual detail is necessary . . . .").

2

## II. Plaintiff's Allegations

Plaintiff sues the Georgia State Board of Pardons and Paroles ("Board") and its members, alleging that the Board has changed his parole consideration date from once a year to once every eight years in violation of the Ex Post Facto Clause. According to Plaintiff, he is serving a life sentence for convictions of kidnaping and murder that allegedly occurred in 1979. Plaintiff contends that the law in place in 1979 required that he serve seven years prior to his initial parole consideration date, and that he would be considered yearly for parole after that for the duration of his incarceration. Plaintiff alleges that, on January 13, 2004, he was given an eight year "set off" by the Board, meaning that he would not be considered for parole for eight years. Plaintiff contends that this action by the Board violated his ex post facto rights. Plaintiff seeks damages and injunctive relief.

## III. Discussion

To the extent that Plaintiff is alleging that he has a due process interest in parole consideration, he fails to state a claim. Inmates have no liberty interest or constitutionally-protected expectation of being paroled in the Georgia parole system. Sultenfuss v. Snow, 35 F.3d 1494, 1499-1501 (11th Cir. 1994). The Board has broad

3

and unfettered discretion in reaching parole decisions as to each inmate based upon their individual history and circumstances. Id. at 1499-1501. The Board is not required to reach any particular result in a given case, to adhere to any uniform standard of review, or to abide by the parole guidelines in administering parole. Id. Thus, to the extent that Plaintiff is challenging the Board's decision to "set off" his parole consideration date, he has failed to state a due process claim. See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (holding Georgia inmate has no due process protected liberty interest in parole; affirming district court's dismissal of due process claim as frivolous).

Plaintiff contends that the Board violated his ex post facto rights by departing from the guidelines and requiring him to serve eight years before his next parole consideration date. The Ex Post Facto Clause prohibits States from enacting laws that, by their retroactive application, increase the punishment for a crime after it has been committed. See Garner v. Jones, 529 U.S. 244, 249 (2000). Plaintiff has not alleged facts that show that the Board's decision has increased the punishment for his crime. Id.

4

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed in forma pauperis [Doc. 2] be **GRANTED** for the purpose of dismissal only.

**IT IS SO ORDERED**, this 2 day of March, 2006.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)